UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT PEACHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:04-CV-471-TS |
| ) | |
| DAN MCBRIDE, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

*Pro se* petitioner, Robert Peacher, an inmate at the Maximum Control Complex in Westville, Indiana, was charged with deception. After exhausting his administrative remedies, Peacher petitioned for relief under 28 U.S.C. § 2254. The Response filed on behalf of the Respondent by the Attorney General of Indiana demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). In its Response, the Attorney General of Indiana has submitted the administrative record including documents designated A through I, which set out the underlying procedures in this conduct adjustment board (CAB) proceeding. The Petitioner filed a traverse.

**RELEVANT FACTS**

On July 13, 2004, after conducting an investigation, Internal Affairs Officer Whelan wrote a conduct report charging Peacher with a violation of state law. (Exhibit A.) Officer Whelan believed that Peacher engaged in deception by being involved in a business activity not approved by the facility head as required in the Adult Disciplinary Procedures. (Exhibit A.) A search of Peacher's cell revealed a large amount of documents about the company "TCP Communication."

Peacher was listed as the President of TCP Communication on the company's website. (Exhibit A.) The address listed was not Peacher's address at the prison.

Peacher was given notice of the charges on July 15, 2004. (Exhibit C.) At the screening, Peacher did not request a lay advocate or witness statements. He did request "print outs" as physical evidence. (Exhibit C.) The CAB hearing was held on July 20, 2004. (Exhibit F1.) The CAB found Peacher guilty of the charge. (Exhibit F1.) Peacher's finding of guilt was based on the staff reports, Peacher's statement, evidence from witnesses, and the investigation case file. The sanction imposed was 180 days earned credit time loss and demotion in credit class. The finding of guilt and the sanctions were upheld by the facility head and the final reviewing authority.

## STANDARD OF REVIEW

As the loss of good time credit is a "liberty" interest protected by the Fourteenth Amendment to the Constitution, it triggers the applicability of *Wolff v. McDonnell*, 418 U.S. 539 (1974), and requires certain procedural steps as stated in that Supreme Court decision. Due process requires that Peacher be given: (1) advance written notice of the charges against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073 (7th Cir. 1994) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974)).

For the hearing to be meaningful, the prisoner should be afforded an opportunity to be heard before an impartial decision maker, *id.*, and the decision must be supported by "some evidence" in

2

the record, *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985). The "some evidence" standard applies in this circuit, as reflected in *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

This is a lenient standard, requiring no more than "a modicum of evidence." *Webb*, 224 F.3d at 652. Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* (citing *Hill*, 472 U.S. at 457). "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* (citing *Hill*, 472 U.S. at 455–56).

## DISCUSSION

Peacher claims that the State violated his constitutional rights in four ways: (1) his due process rights were violated when the facility deprived him of his personal property, but nothing in his property was used to demonstrate his guilt; (2) the CAB ignored his evidence; (3) there was insufficient evidence because the CAB did not show that he made a confession; and (4) he was denied the right to call a witness.

**A. Sufficiency of the Evidence**

Peacher argues in his first three claims that the CAB did not have sufficient evidence to find him guilty. He contends that he was not the President of the company and that this designation on the website was a typographical error. As noted above, the amount of evidence needed in these types

3

of cases is very modest. In this case, the presented evidence meets the "some evidence" standard.

In finding Peacher guilty, the CAB indicates that it relied upon the staff reports, Peacher's statement, physical evidence, and the investigation case file. The CAB also stated the reason for the decision: "Based on the information contained in the investigators case file. We find the offender guilty." The Report of Investigation explains that documents taken during a shakedown showed that Peacher was involved in a business named TPC Communications. (Exhibit B.) Peacher had a large amount of documents concerning the company and the website listed him as President of the company. The Report advised that Peacher violated Indiana Code because the website listed Peacher's address in Wheatfield, not of his true address at the Indiana State Prison. The Report also concluded that Peacher engaged in deception when he stated that he was President of a business without obtaining authorization from the Facility Head to engage in outside business, as required by Indiana Department of Correction Policy.

Peacher, in essence, asks the Court to weigh the evidence and credit his evidence that he was not an officer of TPC Communications, but was listed on the website by mistake, and that he only received company documents to learn about his family's business and to occasionally provide his family with business advice. However, in reviewing a decision under the some evidence standard, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence. A court must only determine whether the CAB's decision has some factual basis. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.1999).

Here, the CAB's decision had an adequate factual basis. Peacher did have company documents in his possession and was listed as the President of the company on its website. He did

4

not provide his prison address on the website and he was not authorized to engage in outside business. Thus, there was some evidence that he violated Indiana law against deception. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. The record is not so devoid of evidence that the CAB's finding that Peacher engaged in deception was without support or otherwise arbitrary.

Peacher's argument that his personal property was confiscated even though it was not the basis for the charge has no affect on the CAB proceedings and its constitutionality. As to Peacher's argument regarding a confession, the CAB did not indicate that it relied on any confession and one is not required to meet the some evidence standard. The CAB had some evidence of deception without a confession from Peacher.

Peacher's claim that his finding of guilt was based on insufficient evidence is denied.

**B. Due Process Violation**

Peacher's fourth claim is that he was denied the opportunity to request witnesses for his hearing. The Notice of Disciplinary Hearing, Exhibit C, indicates that Peacher waived his right to call witnesses. Peacher says he was not allowed to call his witness because he did not know the witness's real name, only his prison nickname.

The Respondent argues that Peacher's claim is barred because he failed to raise it in his appeal to the facility head or to the final reviewing authority. Under *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), and *Ping v. McBride,* 888 F. Supp. 917 (N.D. Ind. 1993), state remedies must be exhausted as a prerequisite to seeking relief under § 2254. In *Markham*, the Seventh Circuit held

5

that an Indiana state prisoner who fails to pursue an administrative appeal of his denial of parole "forfeit[s] his state remedies" and is thus also "barred from obtaining relief from the federal court." *Markham,* 978 F.2d at 995. Peacher could have raised the issue regarding his ability to call a witness in his direct appeal. Because he did not raise the issue to the facility head or the final reviewing authority, this claim is barred from federal review.

## CONCLUSION

For the foregoing reasons, Peacher's Petition for relief under 28 U.S.C. § 2254 is **DENIED.**

SO ORDERED on September 19, 2005.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT